# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JULIAN R. BLACKSHEAR,<br><br>                Plaintiff,<br>v.<br><br>C.O. THURSTON, C.O. DELAGARZA, C.O. HERON, SGT. FRITCH, SGT. LARRIS, SGT. CLONE, SGT. MOLLIS, SGT. MCCLAIN, LT. AMIN, CPT. SMITUS, CPT. GIERMOTH, CPT. WELGAND, LT. LAUDERVILLE, UNIT MANAGER BROWN, JESSICA STUDINSKI, UNIT MANAGER DEBOLD, DR. KOZMIN, DR. LAGAN, DR. KREMBS, HSU MANAGER FRAISER, HSU MANAGER VASQUEZ, DR. SPOTTS, C.O. THOMAS, NURSE CHRIS, MS. BELL, MS. FARCA, K. MARKS, PRC, CAPTAIN R. MILLER, RECORDS SUPERVISOR, BUSINESS OFFICE SUPERVISOR, T. SERRANO, STEPHANIE HOVE, SECURITY DIRECTOR WELLS, SECURITY DIRECTOR ALDANNA, WARDEN KEMPER, MS. ROBINSON, MS. ETTINGER, C.O. LEWIS, C.O. MARKS, SGT. DREMEL, SGT. NICHOLAS, SGT. UNIT, LT. BURNS, CPT. TRITT, CPT. WESTRA, SECURITY DIRECTOR MEL, YANA PUISN, CAPTAIN BAUER, D. WEBSTER, DUFRANE, SSD DIRECTOR, C. SCHWARK, WORK COMMITTEE, BRETT HELMER, and JOHN and JANE DOES,<br><br>                Defendants. | Case No. 19-CV-299-JPS<br><br>**ORDER** |

       Plaintiff Julian R. Blackshear, a prisoner proceeding in this matter *pro se*, filed a complaint alleging that Defendants violated his constitutional

rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $2.97. 28 U.S.C. § 1915(b).

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that

offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that for three years, spanning his incarceration at both Racine and Waupun Correctional Institutions, Defendants violated numerous of his constitutional rights. Defendants are security, medical, and supervisory staff at both prisons. Defendants' complained-of conduct includes, but is not limited to, lack of appropriate medical and psychological treatment, denial of hygiene supplies, issuance of improper conduct reports, interfering with Plaintiff's filing of complaints and lawsuits, improper transfers, and denial of law library access. Plaintiff sues no less than sixty-one individual defendants, all of whom are allegedly responsible for different issues at different times and places.

Under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The Court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against numerous defendants over a long span of time while at separate prisons. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* The Court will not, therefore, permit Plaintiff to proceed on the original complaint. Generally, when applying the principles of *George* to a case, the Court would grant the plaintiff leave to amend to pursue only properly related claims. Here, however, Plaintiff attempts to proceed on so many disparate claims against so many defendants that this procedure becomes much less helpful. The better strategy is to dismiss this case without prejudice in its entirety. Plaintiff will then be free to file new lawsuits, should he choose, addressing the issues raised in the instant complaint.

The Court further notes that Plaintiff has filed many other lawsuits in this District covering much of the same factual material and time periods. The Court directs Plaintiff to carefully review his pending litigation before filing new lawsuits to ensure that he is not addressing the same issues and claims more than once. Finally, in light of the Court's disposition of the case, it will return Plaintiff's initial partial filing fee to him and will not order his institution to collect the remainder of the filing fee owed in this matter. The Court warns Plaintiff that it will not extend this generosity again in the future, should he file additional complaints which violate *George* and Federal Rules 18 and 20.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the Clerk of the Court return Plaintiff's initial partial filing fee of $2.97 to him at Waupun Correctional Institution, P.O. Box 351, Waupun, Wisconsin 53963-0351; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of April, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge